1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BELLEVUE MEDICAL, LLC,

                        Plaintiff,

     v.

TOTAL WOUND CARE OF
OKLAHOMA, LLC et al.,

                      Defendants.

CASE NO. 2:24-cv-02149-LK

ORDER TO SHOW CAUSE

       This matter comes before the Court sua sponte. In February 2025, Total Wound Care of Oklahoma ("TWC") answered Bellevue Medical's complaint and filed counterclaims alleging breach of contract and negligence. Dkt. No. 10. In that pleading, TWC Oklahoma also purports to add non-parties TWC Kansas and TWC Texas as "third-party plaintiffs" and files a "third-party complaint" on their behalf. *Id.* at 8.

       Bellevue Medical did not name TWC Kansas and TWC Texas as defendants, they did not move to intervene, and no party has moved to join them in any capacity. Fed. R. Civ. P. 19, 20, 24. There is nothing in the Federal Rules of Civil Procedure that permits a non-party to sua sponte

join in a defendant's answer and assert a counterclaim against the plaintiff without first being properly joined by an existing party or moving to intervene. *See* Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim.").

Nor are TWC Kansas's and TWC Texas's claims valid third-party claims. A third-party claim involves an existing defendant (the third-party plaintiff) impleading a non-party (the third-party defendant) to shift or share liability with it. Fed. R. Civ. P. 14(a). That is not what is going on here. TWC Kansas and TWC Texas are not named defendants, their claims are against Bellevue Medical (the existing plaintiff, not a non-party), and the purpose of their claims is not about shifting liability in the manner contemplated by Rule 14. *See* 6 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1446 (3d ed. 2025 Update) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff."); *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988) (a third-party claim "may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto.").

The Court thus ORDERS TWC Oklahoma, the only TWC entity properly in this action, to show cause why the Court should not strike or dismiss TWC Kansas and TWC Texas's claims against Bellevue Medical. *See Stewart*, 845 F.2d at 199–200 (affirming district court's dismissal of improper third-party claims); Fed. R. Civ. P. 12(f). TWC Oklahoma's brief is due by May 30, 2025 and may not exceed 2,800 words. Bellevue Medical may file an optional response by June 6, 2025, also not to exceed 2,800 words.

Dated this 22nd day of May, 2025.

Lauren King
United States District Judge