UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BELLEVUE MEDICAL, LLC, | CASE NO. 2:24-cv-02149-LK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| TOTAL WOUND CARE OF OKLAHOMA, LLC, | |
| Defendant. | |

This matter comes before the Court sua sponte. Bellevue Medical's complaint asserts that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because Bellevue Medical and TWC Oklahoma are diverse from each other and the amount in controversy exceeds $75,000. Dkt. No. 1 at 2. But TWC Oklahoma is not the only named defendant—the complaint also names Does 1 through 20. *Id.*

"Generally, in an original federal action (as opposed to a removal action) based on diversity jurisdiction under 28 U.S.C. § 1332(a), a plaintiff's inclusion of fictitious 'Doe' defendants destroys diversity jurisdiction and renders the action subject to dismissal." *Fisher v. Direct TV,*

ORDER TO SHOW CAUSE - 1

*Inc.*, No. CV 13-68-M-DWM-JCL, 2013 WL 2152668, at *4 (D. Mont. May 16, 2013). This rule is consistent with the plain text of the diversity and removal statutes and the legislative history. In 1989, Congress amended 28 U.S.C. § 1441(b) to add a sentence clarifying that for removal purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." Pub. L. No. 100-702, 102 Stat. 4642. With that amendment, "Congress obviously reached the conclusion that [D]oe defendants should not defeat diversity jurisdiction" for cases being removed to federal court. *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989). But Congress did not amend Section 1332 when it amended Section 1441(b). Because "Congress could have amended the jurisdictional statutes to provide original jurisdiction over actions involving Doe defendants, but it chose not to," district courts in this circuit largely find that "the statutory amendment to § 1441 directing courts to disregard Doe defendants in the context of removal does not imply a similar directive for courts to disregard Doe defendants when evaluating original diversity jurisdiction under § 1332." *Lemons v. Am. Ass'n of Neurological Surgeons, Inc.*, No. 2:24-CV-01118-DAD-CKD, 2025 WL 1294377, at *4 (E.D. Cal. May 5, 2025); *see also Subaru of Am., Inc. v. HTMC, LLC*, No. SACV 18-01526 AG (ADSx), 2018 WL 6844716, at *3 (C.D. Cal. Nov. 9, 2018) ([W]hen Plaintiffs file a case in federal court and assert diversity jurisdiction themselves, there is reason to require that diversity of citizenship truly exists.").

As such, earlier Ninth Circuit precedent holding that the inclusion of Doe defendants destroys diversity jurisdiction continues to apply in cases such as this one. Specifically, in *Garter–Bare Co. v. Munsingwear, Inc.,* 650 F.2d 975, 981 (9th Cir. 1980), the Ninth Circuit concluded that the district court had properly dismissed a claim asserted against a named defendant and "several Doe defendants (none of whom has been identified or served)" because the inclusion of the Doe defendants destroyed diversity. In that opinion, the Ninth Circuit cited its prior decision in *Molnar v. National Broadcasting Co.*, 231 F.2d 684, 686–87 (9th Cir. 1956), which concluded

ORDER TO SHOW CAUSE - 2

that "the allegation that [the Doe defendants] are citizens of Delaware" was "unfounded guesswork" because the Doe defendants were not identifiable, and therefore "the jurisdiction of the court [was] not established[.]"[1] "The proper method of adding new parties in the federal courts is found in Rule 15 of the Federal Rules of Civil Procedure, with particular attention to Rule 15(c) concerning the relation back to the original pleading." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970); *see also Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969) ("Rule 15(c), Federal Rules of Civil Procedure, provides the only way in which defendants, not accurately named in a pleading before the limitation period has run, may be accurately named afterwards. That rule, which pertains to the relation back of the pleadings, makes no mention of the pleading of fictitious parties.").

In light of the above, Bellevue Medical is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction. If Bellevue Medical files an amended complaint within 14 days of this Order that either removes all references to the Doe defendants or alleges their citizenship (if known), the Court will discharge its Order. *See Assurance Indus. Co., Inc. v. Snag, Inc.*, No. C 10-1718 SBA, 2010 WL 4055925, at *2 (N.D. Cal. Oct. 14, 2010); *Subaru*, 2018 WL 6844716, at *3.

Dated this 10th day of June, 2025.

Lauren King
United States District Judge

---

[1] Some district courts in this circuit have declined to follow *Garter–Bare* based on a later Ninth Circuit case—*Lindley v. General Electric Co.*, 780 F.2d 797 (9th Cir. 1986)—that "calls [*Garter-Bare*'s] rule into question." *Hao v. Chen*, No. 10–CV–00826–LHK, 2010 WL 3910165, at *4 (N.D. Cal. Oct. 5, 2010). But *Lindley* did not (and could not) have overruled *Garter-Bare* (or *Molnar*) because "a panel opinion is binding . . . unless and until overruled by an en banc decision of this circuit." *United States v. Easterday*, 564 F.3d 1004, 1010 (9th Cir. 2009). *Gartner-Bare*'s rule that the inclusion of Doe defendants destroys diversity jurisdiction thus continues to serve as binding precedent as applied to non-removal cases.

ORDER TO SHOW CAUSE - 3